Caldwell, J.
The principal assignment of error and the only one which we think it necessary to consider, presents the simple question, whether Samms, from the facts disclosed in the bill of exceptions, is to be regarded as a common carrier. As to who are to be deemed common carriers and who not, the rules of dis *62 crimination are thus laid down in Story on Bailments, sec. 495. “It is not (as we have seen) every person who undertakes to carry goods for hire, that it is deemed a common carrier. A private person may contract with another for the carriage of his goods, and incur no responsibility beyond that of an ordinary bailee for hire, that is to say, the responsibility of ordinary diligence. To bring a person within the description of a common carrier, he must exercise it as a public employment; he must undertake to carry goods for persons *generally; and ho must hold himself out as ready to engage in the transportation of goods for hire, as a business, not as a casual occupation.” The same doctrine is substantially laid down by Chancellor Kent. 2 Kent’s Com. 597, 598. The ease of Sheldon v. Robinson, 7 New Hampshire, 157, is a case bearing a very close analogy to the one now before the court. In that case it was proved of the defendant (who was sought to be charged as a common carrier for a package of money that had been intrusted to him to carry for hire), that he was a stage-driver for a company who run a line of stages between Boston and Portsmouth; that he was constantly in the habit of cari-ying packages of money for hire, from one place to the other, for all persons who chose to employ him. The court in that case decided that the evidence did not make the defendant a common carrier, inasmuch as it did not show that that was his public employment, and that he undertook to carry money and goods generally; although it did show that he had taken all that was offered to him. The case of Hennel & Short v. Pettijohn, 2 Harrington, 48, is a decision to the same effect. We think it will be found in most of the cases, where the question has arisen, that a clear distinction has been kept up between such persons as hold themsedves out to the world as engaged to carry goods generally, and at all times, and those who may occasionally, or in a single instance, undertake to carry for hire.
The common carrrior is regarded, in some respects, as a public employe; ho has hold himself out to the world as such, and hence he is required to carry all that may be offered to him, provided a reasonable compensation be tendered, and if he refuse, when ho has the convenience to carry, he will be liable to an action for such refusal. The reason of his being held to such rigid responsibility, in case the goods be lost, arises from his public character Having placed himself in the channels of commerce, and *63 undertaken to carry for the community generally, he necessarily has intrusted to his care the goods of those who can have no personal knowledge of his character, and who *have not the power to make any special contract with him. And were it not for these and similar considerations, we see no justice in holding a person who engages to carry goods to any more rigid responsibility for the loss of the goods, than any other bailee for hire. The general rule in reference to a bailee for hire—that he is only answerable for the loss of the goods where he has been wanting in ordinary care and diligence—is in most cases a reasonable and just one, and is only departed from in the case of a common carrier, on account of the peculiar relation that he has assumed to the community. Now we see no reason why the law applicable! to a common carrier should be applied to a farmer who makes a' personal application to a merchant for a load of goods, on his return trip from market. The merchant has it in his power to make such special bargain as he chooses, ás to what shall be the liability of tho farmer in case the goods are lost. The farmer has assumed no character to the community entitling him to peculiar confidence, and the merchant is left, as in ordinary cases, to an inquiry as to his character and qualifications. Nor do we suppose it would make any difference how many applications of this kind had been made by the party thus carrying, or to how many different persons they may have been made—they would still remain so many special and individual transactions.
In the case before us, as will be seen above, it is merely stated that the defendant, for a number of years, had been engaged in carrying marketing from New Hope and that neighborhood, to Cincinnati, and bringing goods from Cincinnati to New Hope, and that when about going to Cincinnati with marketing, ho frequently asked the merchants of New Hope for return loads of goods. The court charged the jury that if they found these facts to exist they should hold the defendant liable as a common carrier, although he might be a farmer, and carrying not his regular business. In this we think tho court of common pleas erred. There is nothing in this state of facts to show that the business of tho defendant was that of a common carrier, or that ho hold himself out to tho world as such. It is not stated *to whom the marketing and the goods that the defendant was in the habit of carrying belonged; we presume, however that the goods belonged *64 to the merchants of New Hope and the neighborhood. Thia carrying, however, was only what every farmer would like to do* to earn something by getting a back load. Nor do we think that his frequently applying to the merchants of New Hope for a back load, at all alters the case. This was merely offering his services to the few merchants that resided in the village, and was not an offer to do business for the public generally. We have been referred to the case of Gordon v. Hutchinson, 1 Watts & Serg. 285, on the authority of which it is said the court of common pleas acted in making their decision. That case, wo think, sustains the ruling of the common pleas; but we think it opposed to the current of authorities on the subject.
The judgment of the common pleas will be reversed, and the cause remanded for further proceedings.